**Otho J. BLOCKSON, Jr., Petitioner-Appellant,**

v.

**Arnold R. JAGO, Superintendent, Respondent-Appellee.**

No. 78-3126.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 4, 1978.

Decided Nov. 7, 1978.

Otho J. Blockson, Jr., pro se.

William J. Brown, Atty. Gen. of Ohio, Richard David Drake, Columbus, Ohio, for respondent.

Before PHILLIPS, Chief Judge, MERRITT, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

Otho J. Blockson, Jr., appeals from the denial of his application for a writ of habeas corpus. He was convicted at a jury trial in the Court of Common Pleas of Ashtabula County, Ohio, of rape in violation of Ohio Revised Code § 2907.02 and aggravated burglary in violation of Ohio Revised Code § 2911.11.

The Ohio Court of Appeals of Ashtabula County affirmed the conviction. In one of the four assignments of error in his appeal to that court, Blockson contended that the trial court erred in failing to grant his motion to suppress evidence and in admitting in-custodial statements made by him prior to his being provided with *Miranda* warnings. The Supreme Court of Ohio dismissed an appeal raising the same issues, holding that no substantial constitutional question was presented. Chief District Judge David S. Porter denied the application for a writ of habeas corpus by an order entered December 20, 1977. This appeal followed.

At approximately 11:30 a. m. on June 25, 1975, a 79 year old woman was awakened, by a male intruder, while taking a nap in a

living room chair at her home in Ashtabula, Ohio. The intruder held a knife with a six inch serrated blade near her face and ordered her to go upstairs to a bedroom, disrobe and lie in bed with her eyes shut. As soon as she complied with his orders, the intruder inserted his penis into her vagina, gave her several thrusts, but quickly stopped and left. A neighbor woman saw a man run past her back door at approximately noon and heard the man crash into a deep ravine near her home.

A policeman had been dispatched to the vicinity of the assault to investigate an automobile bearing no license plates.[1] A teenage boy told the policeman that a man was hanging to a tree in the ravine. With the help of other police officers and the use of a rope, Blockson was rescued from the ravine, handcuffed and placed in a police cruiser.

Immediately after being placed in the cruiser, and without any questioning of Blockson by the police, except for his name and address, Blockson "blurted out" that he was sorry for what he had done to the old lady, that he had been in her house and that he was ashamed of what he had done. The officers testified that Blockson's statements were made voluntarily, immediately after he entered the cruiser, and were not made in response to any interrogation. Blockson then directed the officers to the residence where his victim lived. While on the way to the police station, and again without any interrogation, Blockson "blurted out" that he was sorry about the old lady, that he had done it before, and that he could not help himself.

Prior to the trial, Blockson moved to suppress his statements on the ground that no *Miranda* warnings were given. After an evidentiary hearing, the State trial judge overruled the motion to suppress.

■ The record fully supports the holding of the district court and the Court of Appeals of Ohio that the statements of Blockson were not in response to any interrogation, but were made freely from an apparent concern for the life of his victim. The Ohio Court of Appeals observed that "[h]e apparently was concerned that due to her age, coupled with fear and anxiety, she might have died and he did not wish to face a homicide charge."

The opinion in *Miranda* expressly states: "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." *Miranda v. Arizona*, 384 U.S 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). *See also United States v. De-Bose*, 410 F.2d 1273 (6th Cir. 1969), *cert. denied*, 401 U.S. 920, 91 S.Ct. 906, 27 L.Ed.2d 823 (1971).

We conclude that no federal constitutional rights of appellant were violated by the order of the State trial court denying the motion to suppress or by the admission of the foregoing volunteered self-incriminating statements into evidence.

■ Blockson further challenges the weight and sufficiency of the evidence. This issue is not cognizable in a federal habeas corpus action unless the conviction is totally devoid of evidentiary support as to a crucial element of the offense. *Brooks v. Rose*, 520 F.2d 775 (6th Cir, 1975).

The judgment of the district court is affirmed.